UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EPIC ENTERPRISES, INC.<br><br>    Plaintiff<br><br>v.<br><br>PEPSI COLA BOTTLING CO. OF AROOSTOOK, INC. and J. GREGORY FREEMAN,<br><br>    Defendants | CIVIL ACTION NO. 00 12369 PBS<br><br>RECEIPT # 26201<br>AMOUNT $ 150.00<br>SUMMONS ISS. yes<br>LOCAL RULE 4.1<br>WAIVER OF SERV.<br>MCF ISSUED<br>AO 120 OR 121<br>BY DPTY CLK SS<br>DATE 11-15-00 |

## COMPLAINT

### INTRODUCTION

1. The Plaintiff, Epic Enterprises, Inc. ("Epic"), brings this Complaint seeking damages arising from the breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, and fraud/deceit of the Defendants.

### PARTIES

2. The Plaintiff, Epic Enterprises, Inc. is a corporation duly organized under the laws of the State of Massachusetts, with a principal place of business at 11 Copeland Drive, Ayer, Massachusetts.

3. Defendant, Pepsi Cola Bottling Company of Aroostook, Inc. ("Aroostook"), is a corporation organized on information and belief under the laws of the State of Maine, with a principal place of business at 52 Industrial Street, Presque Isle, Maine.

4. Defendant J. Gregory Freeman ("Freeman") is an individual residing at 316 State Street, Presque Isle, Maine and is also president of defendant Aroostook.



## JURISDICTION

5. This Court has subject matter jurisdiction over the instant controversy under 28 U.S.C. § 1332(a)(1) and (c)(1), by virtue of the diversity of the parties.

6. The amount in controversy exceeds $75,000.

## FACTS

7. Epic cans various beverage products of PepsiCo., Inc. and sells the canned beverages to duly franchised bottlers of Pepsi-Cola for sale and distribution by those bottlers.

8. Epic is owned by and is a co-operative venture of eight Pepsi-Cola bottlers.

9. Aroostook is one of the eight Pepsi-Cola bottlers which owns Epic.

10. By contractual agreement, the eight Pepsi-Cola bottlers which own Epic purchase all their canned Pepsi-Cola beverages from Epic.

11. In April 1995, Freeman was elected president of Epic.

12. Freeman served as president of Epic's board of directors until July 27, 2000 when the board accepted his resignation as president.

13. During the time Freeman was president, he caused the amount Aroostook owed Epic to increase from a 1994 year end balance of approximately $47,000 to a June 30, 2000 balance of approximately $1,733,000.

14. Freeman concealed from the Epic board the fact that his company was not paying the amounts it owed Epic.

15. Epic has been informed that Freeman's company, Aroostook, does not have the money to repay the $1,733,000 it owes Epic.

16. Epic has also been informed that Freeman has depleted the assets of Aroostook to the extent that it cannot pay its bills, and that he has done so by taking the money Aroostook owes Epic out of Aroostook and using the money to, among other things, build an expensive personal residence in Florida.

## COUNT I – BREACH OF CONTRACT (AGAINST AROOSTOOK)

17. The Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 16.

18. Epic and Aroostook were parties to a valid contract supported by consideration.

19. Aroostook breached its contract with Epic by failing to pay approximately $1.7 million it owed Epic and by concealing the enormous account receivable from Epic's board of directors.

20. Epic has suffered significant damages as a result of Aroostook' actions.

21. The contract provides for a breaching party to pay the other party's legal fees.

WHEREFORE, Epic asks that this Court enter judgment in its favor on its claim of breach of contract, and award it all damages arising from such breach plus interest and attorney's fees.

## COUNT II – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

22. The Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 21.

23. Aroostook and Epic were parties to a valid contract supported by consideration.

24. That contract carried with it an implied covenant of good faith and fair dealing.

25. Aroostook breached that implied covenant by impairing Epic's financial health, failing for years to pay amounts due it, and concealing that failure from Epic's board of directors.

26. As a result of Aroostook's breach of the contract's implied covenant of good faith and fair dealing, Epic has suffered damages.

WHEREFORE, Epic asks that this Court enter judgment in its favor on its claim of breach of the implied covenant of good faith and fair dealing, and award it all damages arising from such breach.

## COUNT III – BREACH OF FIDUCIARY DUTY (AROOSTOOK)

27. Epic incorporates by reference the allegations contained in paragraphs 1 through 26.

28. As a shareholder in a closely held corporation, Aroostook owed the other shareholders a duty of the utmost good faith and loyalty.

29. Aroostook's actions, including, but not limited to, impairing Epic's financial health, failing for years to pay amounts due it, and concealing that failure from Epic's board of directors, constituted a breach of Aroostook's fiduciary duty to Epic.

30. As a direct and proximate result of Aroostook' acts, Epic has suffered damages.

WHEREFORE, Epic asks that this Court enter judgment in its favor on this count and award all damages arising from Aroostook's breach of its fiduciary duty to Epic.

### COUNT IV – BREACH OF FIDUCIARY DUTY (FREEMAN)

31. Epic incorporates by reference the allegations contained in Paragraphs 1 through 30.

32. As president of Epic's board of directors, Freeman owed a duty of the utmost good faith and loyalty to Epic.

33. Freeman's actions, including, but not limited to, impairing Epic's financial health, failing for years to pay amounts due it, and concealing that failure from Epic's board of directors, constituted a breach of Freeman's fiduciary duty to Epic.

34. As a direct and proximate result of Freeman's actions, Epic has suffered damages.

WHEREFORE, Epic asks that the Court enter judgment in its favor on this count and award all damages arising from Freeman's breach of his fiduciary duty to Epic.

### COUNT V – FRAUD/DECEIT (FREEMAN)

35. Epic incorporates by reference the allegations contained in Paragraphs 1 through 34.

36. In connection with his communications with the board of Epic during his term as president of Epic's board of directors, Freeman concealed from the board the existence of a $1.7 million debt owed to Epic by the company of which Freeman was president and 100% owner, Aroostook.

37. At the time he concealed that fact and made contrary representations, Freeman knew his representations were false and intended that Epic rely on them.

38. Epic relied on Freeman's representations.

39. Epic has been damaged by Freeman's fraud.

WHEREFORE, Epic asks that this Court enter judgment in its favor on this count and award all damages arising from Freeman's fraud.

### PRAYER FOR RELIEF

WHEREFORE, Epic requests that this Court enter judgment in favor of Epic on each count of the complaint and award it damages, attorneys fees, and costs.

    Epic Enterprises, Inc.

    By its attorneys,

    _____
    Robert T. Gill, BBO #192080
    Dale A. Coggins, BBO#088180
    PEABODY & ARNOLD LLP
    50 Rowes Wharf
    Boston, MA 02110
    (617) 951-2100

Dated: 11.15.00

PABOS2:DCO:407767_1
11899-84944